### HALSILL v. MASSEY.

1. When a judgment assumes to be founded on an award, neither the cause of ac-
tion, endorsed on the writ, nor that disclosed by the declaration will be looked
to, to support it. To sustain such a judgment, the order of reference must
be shewn by the record.

Writ of error to the Circuit Court of Tuscaloosa County.

ACTION of debt. The cause of action endorsed on the writ,
is a penal bond for one thousand dollars, conditioned that the
said Halsill should stand to, and abide, an award of arbitrators,
of a certain controversy, respecting a tract of land. The de-
claration is on a single bill for one thousand dollars. Judgment
by default, was rendered at March Term, 1840, "for the debt
and damages occasioned by the detention of the same; but, be-
cause it was unknown, what the debt and damages were," it
was ordered, that they be inquired of by a jury, at the next
term of the Court. At September Term, 1840, this entry was
made: "Came the plaintiff, by his attorney, and moved the
Court, that the award returned by the arbitrators in this cause,
to the present term of this Court, be made final, for sufficient
reasons appearing. It is therefore considered by the Court,
that said award be made final, and that the plaintiff recover of
the defendant, the sum of four hundred and fifty dollars, and
forty-eight cents, the amount specified in said award, and that
each party pay his own costs, about this suit expended."

The defendant prosecutes this writ of error, and assigns as
error—

1st. The cause of action set out in the declaration, is a bill
single, and the judgment is, that a certain award be made final.

2d. The judgment is not authorized by the previous proceed-
ings.

3d. The Court rendered judgment without the intervention
of a jury, on the order for the writ of enquiry; or without set-
ting aside that order.

Hodges & Puckett v. Ashurst & Sons.

4th. No judgment could be rendered on the bond endorsed on the writ as the cause of action, without the assignment of breaches.

PECK, for the plaintiff in error.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—In the aspect in which the case is presented by the record, we do not consider it important to enquire, whether the plaintiff was authorized to declare on a single bill, when the cause of action, endorsed on the writ, is a penal bond; because the final judgment does not assume to be founded on either the one or the other, but is, in fact, founded on an award.

It does not appear, however, that any reference of the cause was ever made to arbitrators, and consequently, there is nothing to support the judgment.

Let it be reversed, and the cause remanded.